United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. MICHAEL A. WEINER, *et al.*, | No. C 10-5785 SI |
| Plaintiffs, | **ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION, DISMISSING FOURTH CAUSE OF ACTION AND STAYING CASE PENDING ARBITRATION** |
| v. | |
| THE ORIGINAL TALK RADIO NETWORK, | |
| Defendant. | |

On February 25, 2011, the Court held a hearing on defendant's motion to dismiss or stay this action and compel arbitration. For the reasons set forth below, the Court GRANTS the motion to stay this action and compel arbitration.

**BACKGROUND**

On December 20, 2010, plaintiffs Dr. Michael A. Weiner and Savage Productions, Inc., filed this lawsuit against defendant The Original Talk Radio Network ("TRN"). Dr. Weiner, p/k/a Dr. Michael Savage, is a nationally known talk-show host and star of the "The Michael Savage Show," which is syndicated by TRN. Compl. ¶ 1. The complaint alleges that the parties have continuously been in contract from January 2000 through December 2010. *Id.* ¶ 8. The complaint alleges that Dr. Savage's contract was set to expire in December 2010, and that in the months prior to December 2010, the parties were in negotiations regarding the terms of a new contract. *Id.* ¶ 1. The parties dispute whether TRN exercised its "right to match" pursuant to Paragraph 19 of the parties' contract. Paragraph 19, titled "Right to Match," provides:

> Through the date which is one year after [December 31, 2010], [TRN] shall have the right to match the terms of any contract [Dr. Savage] is prepared to enter into for [Dr. Savage's] future services in the radio broadcast industry . . . . As such, through the first anniversary of [December 31, 2010], before entering into any contract or agreement of any kind for [Dr. Savage's] services following the New Expiration Date, [Dr. Savage] shall give to [TRN] a written notice of [Dr. Savage's] intent to contract, containing the principal terms of the intended contract (together with a copy of the term sheet which reflects the offer [Dr. Savage] has been presented). [TRN] shall then have the right to accept, by written notice issued to [Dr. Savage] within ten (10) working days of [TRN's] receipt of [Dr. Savage's] notice, such contract terms, and, in so doing, establish a new contract between [Dr. Savage] and [TRN] on such terms and conditions.

Compl. ¶ 9 & Ex. A ¶ 19.

The complaint alleges that prior to December 2010, and at TRN's encouragement, Dr. Savage sought out proposals from different syndicators, and received a favorable proposal from Courtside, LLC. Compl. ¶ 1. The complaint alleges that "TRN purports to have exercised its right to match, pursuant to the parties' agreement, but the agreement it proposed to Dr. Savage does not match the terms of the Courtside offer. Not only does the TRN proposal not match the Courtside proposal in terms of financial upside, but it includes anti-competitive provisions that are illegal, limits Dr. Savage's valuable negotiating rights, and imposes additional terms that are not contained in the Courtside proposal." *Id.*

The parties' contract also includes an arbitration provision. It is undisputed that in 1999 when the parties were negotiating the terms of the original contract, TRN proposed an arbitration clause that required disputes between the parties to be resolved by binding arbitration pursuant to the Rules of the American Arbitration Association ("AAA"). Masters Decl. ¶ 3 & Ex. A. It is also undisputed that while Dr. Savage was amenable to the concept of an arbitration clause, he objected to TRN's proposed language, and proposed alternate language that, *inter alia*, stated that the parties would not be represented by counsel at an arbitration. *Id.* ¶ 4 & Ex. B. TRN agreed to Dr. Savage's arbitration clause. The arbitration clause in the parties' most recent contract provides,

> <u>Arbitration</u>: In the event there is a dispute, that is not covered specifically herein, regarding any and all matters relating to our business relationship, it is agreed that the dispute shall be resolved by binding arbitration to be held in either Marin County or San Francisco County, California, and that Network witnesses may testify by telephone in any such arbitration. It is further agreed that the arbitrator shall not be a lawyer and that the disputants shall not be represented by lawyers, but by themselves only. Each party shall specify an arbitrator and the two arbitrators shall select the arbitrator for the arbitration.
> We are fully aware of the provision of section 1282.4 of the California Code of Civil Procedure as shown below. (Or of any applicable code if this Agreement is signed in any other state.)

2

Sec. 1282.4 (Right to Counsel)

A party to the arbitration has the right to be represented by an attorney at any proceeding or hearing in arbitration under this title.  A waiver of this right may be revoked but if a party revokes such waiver, the other party is entitled to a reasonable continuance for the purpose of procuring an attorney.

[initials of the parties]

We hereby, with full comprehension of our rights, agree to waive our rights to be represented by an attorney at any binding arbitration and shall not ask the court to revoke such waiver.

[signatures of the parties]

If there is any future question as to the proper application or interpretation of this Agreement, for any reason, this Agreement shall remain in full force and effect, and shall not be subject to termination prior to the agreed expiration date, under any circumstances.  Termination shall not be a remedy for any ambiguity in this Agreement, or in any forum, including without limitation arbitration or any arbitration ruling.  In any such event: (i) we will each continue to perform under this Agreement; (ii) we shall submit any such unresolved issue, question or dispute to binding arbitration for a determination as to any obligation or performance required by either of us; and (iii) we shall resolve any such question, issue or dispute in accordance with the final ruling in any such arbitration as to the specific obligation and/or performance required to comply with our agreements, and/or to resolve any ambiguity or other question arising or asserted with respect to our agreements.

Compl. Ex. A.[1]

It is undisputed that in 2001 and 2004, Dr. Savage invoked the arbitration clause in the parties' contract in order to resolve disputes that arose between the parties.  Masters Decl. ¶¶ 11-12 & Ex. F, G.

The complaint seeks the following declaratory relief: (1) that TRN failed to match the Courtside offer; (2) that the Agreement is a contract of employment for an indefinite period of time, and is, thus, voidable and terminable at will by either party; (3) that the Agreement unlawfully restricts plaintiffs' employment; and (4) that the Agreement's arbitration provision is unenforceable because it violates plaintiffs' due process rights.

---

[1] This language differs slightly from the original language proposed by Dr. Savage in 1999. Masters Decl. ¶ 4 & Ex. A.  In 2002, the parties negotiated a new contract which made a few revisions to the arbitration language, including the provision allowing TRN, an Oregon company, to present testimony via telephone.  *Id*. ¶¶ 7-8.  It is undisputed that during the 2002 negotiations, counsel for Dr. Savage was involved in the negotiation and drafting of the 2002 contract.  *Id*. ¶ 7.  The 2002 arbitration language is the same language as contained in the contract that was set to expire in December 2010. *Id*. ¶ 9.

**DISCUSSION**

Defendant moves to compel arbitration pursuant to the arbitration clause contained in the parties' contract, and moves to dismiss plaintiffs' fourth claim for relief challenging the contractual arbitration clause. In addition, defendant seeks attorneys' fees on the grounds that the complaint is frivolous. Plaintiffs oppose defendant's motion, contending that the arbitration agreement is unconscionable and unenforceable.

The parties agree that Oregon law governs the parties' contract. As the party asserting unconscionability, plaintiffs have the burden of demonstrating that the arbitration clause is unconscionable. *See Motsinger v. Lithia Rose-FT, Inc.*, 211 Or. App. 610, 614 (2007). Under Oregon law, the test for unconscionability has procedural and substantive components. *Id*. Plaintiffs do not assert that the arbitration clause is procedurally unconscionable, and the Court finds that it is not, particularly in light of the facts that plaintiff himself insisted on the arbitration clause and has invoked it twice in the past.

The Court further finds that plaintiffs have not met their burden to show that the arbitration clause is substantively unconscionable. Plaintiffs object that the arbitration provision is non-mutual in that TRN may elect not to arbitrate all of its claims, while plaintiffs are required to arbitrate their claims. However, in *Motsinger* the Oregon Court of Appeals upheld a similar non-mutual arbitration provision. *See id*. at 626-27. Plaintiffs also argue that the arbitration clause prohibits the arbitrator from terminating the agreement. However, under the language cited by plaintiffs, termination is only a prohibited remedy when there is a dispute as to the meaning of the terms of the contract. Further, as defendant notes, three pages of the contract are devoted to the circumstances and procedures by which the contract can be terminated, and defendant asserts that "the agreement expressly allows an arbitrator to order termination of the agreement as a remedy." Reply at 3:21-22.

To the extent that plaintiffs object that the arbitration clause is silent on certain matters (such as with regard to allowable discovery, requiring the arbitrator to provide a written statement of findings, or whether any arbitration rules apply), plaintiffs have not shown these omissions render the arbitration clause unconscionable. Further, as the parties have agreed that Oregon law applies to the contract, the Oregon Uniform Arbitration Act, O.R.S. § 36.600 *et seq.*, fills in any gaps in the agreement. With

4

respect to the provision that the arbitrator is not a lawyer, that requirement is even-handed and plaintiffs have not shown that it unfairly affects plaintiffs.

However, the Court finds that the arbitration clause's waiver of legal representation is void because it violates Oregon law. O.R.S. § 36.670. This language is severable from the agreement and does not impact the binding nature of the remaining arbitration provision. *See W.J. Seufert Land Co. v. Greenfield*, 262 Or. 83, 87 (1972) ("Where, however, the entire contract is not contrary to public policy, but includes a separable provision which is invalid as contrary to public policy, we have enforced the remaining provisions of such a contract.").

Accordingly, the Court holds that the arbitration clause is valid and enforceable and ORDERS the parties to arbitrate the claims alleged in complaint.[2] The Court notes that although plaintiffs challenge the specific arbitration clause in the contract, prior to filing this lawsuit plaintiffs requested that defendant arbitrate the parties' dispute.[3] At the hearing on this matter, plaintiffs' counsel stated that plaintiffs still wish to arbitrate the parties' dispute, and that plaintiffs are amenable to proceeding with arbitration either at JAMS or pursuant to AAA. Defense counsel also indicated that while defendant sought a ruling compelling arbitration pursuant to the contractual arbitration clause, defendant was not opposed to proceeding with arbitration pursuant to AAA. Accordingly, as both parties have sought to arbitrate their dispute, and both parties agree that AAA is an acceptable forum for arbitration, the Court is inclined to order the parties to proceed with arbitration pursuant to AAA. If any party objects to proceeding with arbitration pursuant to AAA, they shall file a statement specifically explaining the basis for their objections by **March 21, 2011**.

Finally, the Court finds that the complaint is not frivolous and DENIES defendant's request for

---

[2] The fourth claim for relief seeks a declaration that the arbitration clause is unenforceable. For the reasons set forth above, the Court finds that the arbitration clause is enforceable, and thus this claim is dismissed.

[3] Defendant objects to the declaration of William Waldman as inadmissible pursuant to Federal Rule of Evidence 408(a). Mr. Waldman states, *inter alia*, that prior to filing this lawsuit, plaintiffs' counsel wrote to defendant requesting that the parties submit the dispute to arbitration at JAMS. Rule 408(a) provides that offers to compromise are inadmissible "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction." Fed. R. Evid. 408(a). Mr. Waldman's declaration is not offered to prove liability for, invalidity of, or the amount of a claim, and instead is offered simply to establish the fact that plaintiffs sought to arbitrate the instant dispute. Accordingly, the Court DENIES defendant's motion to strike the Waldman declaration.

5

attorneys' fees.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion to compel arbitration, DISMISSES the fourth claim for relief, and STAYS this action pending arbitration. (Docket No. 6).

**IT IS SO ORDERED.**

Dated: March 14, 2011

SUSAN ILLSTON
United States District Judge