John M. Shoreman (SBN 407626)
McFadden & Shoreman
1050 Connecticut Avenue, NW
Washington, DC 20036
(202) 772-3188
(202) 204-8610 (fax)
jmshoreman@verizon.net

Attorneys for Defendant
THE ORIGINAL TALK RADIO NETWORK, INC.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DR. MICHAEL A. WEINER, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>THE ORIGINAL TALK RADIO NETWORK, INC.,<br><br>Defendant. | **Case No. C10-5785 YGR**<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFFS' PROPOSED JUDGMENT**<br><br>**Department: 5**<br>**(Hon. Yvonne Gonzalez Rogers)** |

Defendant **THE ORIGINAL TALK RADIO NETWORK, INC.,** an Oregon corporation (hereinafter "OTRN"), through counsel, hereby objects to the proposed Judgment filed by Plaintiffs **DR. MICHAEL A. WEINER, aka MICHAEL SAVAGE** (hereinafter, "Dr. Savage") and **SAVAGE PRODUCTIONS, INC.** (hereinafter, "SPI") (collectively, "Savage") and states as follows.

By Order of May 2, 2013 (Document 59), the Court granted Savage's Motion to Confirm the Arbitration Award and directed Savage to file a proposed form of judgment "accompanied by an appropriate declaration regarding the calculation of interest due and the daily rate of accrual."

Order, at 18. OTRN objects to the proposed Judgment filed by Savage (Document 60) on the following grounds.

1. The first paragraph of the proposed judgment correctly identifies OTRN as "THE ORIGINAL TALK RADIO NETWORK, INC., an Oregon corporation". The arbitration award at issue (the "Award") expressly identified OTRN, the sole "respondent" in the arbitration proceedings, as "The Original Talk Radio Network, Inc. ("OTR")" and each item of the Award which referenced OTRN expressly specified "OTR" or "The Original Talk Radio Network, Inc." as the applicable party. There is, and has been, only one defendant in this Action, and THE ORIGINAL TALK RADIO NETWORK, INC. is the only party, other than Savage, the Award relates to. There is no arbitration award issued against "Talk Radio Network, Inc." Yet, Savage's proposed Judgment improperly seeks to have judgment entered against "Original Talk Radio Network Inc. a corporation, *and* Talk Radio Network Inc." (emphasis added) (Proposed Judgment, at ¶ 1). The captions in this Action and the underlying arbitration proceeding refer to "THE ORIGINAL TALK RADIO NETWORK, INC. dba TALK RADIO NETWORK, INC." because that phrasing was used by Savage at times in the initial pleadings. It was not adopted in the Award, and there is thus no basis to adopt it in the Judgment. Accordingly, Judgment should be entered to accurately identify the party against whom the Award is confirmed, *i.e.*, THE ORIGINAL TALK RADIO NETWORK, INC., an Oregon corporation.

2. Paragraphs 2, 3 and 4 of the proposed Judgment contain Savage's paraphrasing of portions of the Award. This separate restated recitation of portions of the Award is redundant and confusing. It also seeks to modify the Award by adding enhancements sought by Savage to the Judgment. To cite one example, it seeks to incorporate into the Judgment as attachments two documents which were not attached to the Award, both of which contain additional terms and provisions not addressed in or relevant to the Award.

3. Paragraph 5 of the proposed Judgment contains language purporting to settle all claims between the parties. Neither the Award, nor the Court's Order to confirm the Award, constitute a settlement of all claims between the parties, or purport to do so. OTRN strenuously objects to language that suggests a settlement has been effected or entered into by virtue of the Award and post-arbitration proceedings before this Court, and further strenuously objects to inclusion of additional provisions into the Judgment which were not part of the Award

4. If the Judgment were to add any additional text to the actual terms of the Award, OTRN submits that the express determinations of the arbitrators in their Interim Award in the Arbitration, which is of necessity encompassed within the scope of the Award, should be addressed as the only additional provisions.

OTRN requests entry of a Judgment that confirms the Award, in accordance with the Court's Order, and sets out the amount of the Judgment's principal and interest. Paraphrasing or restating selected portions of the Award is unnecessary, and improper.

WHEREFORE, OTRN requests the Court to reject Savage's proposed Judgment and enter a Judgment in the form attached (Exhibit 1).

Dated: May 16, 2013

McFADDEN & SHOREMAN

By: /s/ John M. Shoreman

______________________________

John M. Shoreman, *pro hac vice*

Attorney for Defendant